

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 18, 1957

Honorable Henry Wade
District Attorney
Dallas, Texas

Opinion No. WW-283

Re: Can the employees of the
Dallas City-County Depart-
ment of Public Welfare be
brought into the County's
Retirement System?

Dear Mr. Wade:

You have requested an opinion of this office on the following questions:

"1. Under the applicable constitutional provisions and laws, are full time employees of the Dallas City-County Department of Public Welfare employees of Dallas County actually full time employees of Dallas County?

"2. If the answer to the foregoing question is in the negative, are <u>full time employees</u> of the Dallas City-County Department of Public Welfare employees of Dallas County 'in a position normally requiring not less than nine hundred (900) hours per year'? (There are about 1,980 normal working hours in a year for these employees and 990 of these hours are paid for by County funds.)

"3. Is it legal for the employees of the Dallas City-County Department of Public Welfare to be brought into the Dallas County Retirement System on either the basis of (a) all of their pay, or (b) half of their pay?

"4. Is it legal for employees of the Dallas City-County Department of Public Welfare to be brought into

the Retirement System under any
circumstances?"

Subdivision (b) of Section 62 of Article XVI of
the Constitution of Texas provides:

"(b)  Each county shall have
the right to provide for and administer
a Retirement, Disability and Death
Compensation Fund for the appointive
officers and employees of the county;
provided same is authorized by a
majority vote of the qualified voters
of such county and after such election
has been advertised by being pub-
lished in at least one newspaper of
general circulation in said county
once each week for four consecutive
weeks; . . ."

The Constitution of Texas sets up a method by
which counties may provide for a County Appointive Officers
and Employees Retirement, Disability and Death Compensation
Fund, and likewise there is a constitutional provision pro-
viding that incorporated cities of the State of Texas have
the power and authority to provide a system of retirement.

Section 51-e, Article III of the Constitution of
the State of Texas provides:

"Sec. 51-e.  Each incorporated
city and town in this State shall have
the power and authority to provide a
system of retirement and disability
pensions for its appointive officers
and employees  who have become dis-
abled as a direct and proximate re-
sult of the performance of their
duties, or have passed their sixty-
fifth birthday, or have been em-
ployed by such city or town for more
than twenty-five (25) years and have
passed their sixtieth birthday, when
and if, but only when and if, such
system has been approved at an elec-
tion by the qualified voters of such
city or town entitled to vote on the
question of issuance of tax supported

> bonds; provided that no city or town
> shall contribute more than the equiva-
> lent of seven and one half (7½) per
> centum of salaries and wages of the
> officers and employees entitled to
> participate in its pension system,
> and that said officers and employees
> shall contribute a like amount; and
> this Amendment shall not reduce the
> authority nor duty of any city or
> town otherwise existing."

The Constitution provides that each city or county may provide for its employees a Benefit Retirement Program.

However, there is no provision for a joint City-County employee retirement program. The Dallas City-County Department of Public Welfare is jointly controlled by the City Council and Commissioners' Court. The budget of this department is approved by the Commissioners' Court and by the City Council, and the city and county each pays half of the total cost for the Public Welfare Department's operation. The employees of the Dallas City-County Department of Public Welfare cannot be considered either county or city employees due to the reason that neither the City Council nor the Commissioners' Court has complete supervision and control over the Department.

If either the County authorities or City authorities were in complete control of the Public Welfare Department, then those employees engaged in rendering services in connection with the Department of Welfare would clearly come within the Retirement Benefits for City and/or County employees as set out in the Constitution.

Therefore, it is our opinion that since there is no constitutional provision for a joint City-County employees retirement program, then the County has no authority to bring the employees of the Dallas City-County Department of Public Welfare into the County Retirement System. Hence, we answer questions 1, 2 and 3 in the negative.

In reply to question 4, there is no way for the employees of the Dallas City-County Department of Public Welfare to be brought into the County Retirement System unless the Department of Public Welfare becomes solely controlled by the County governing authority.

## SUMMARY

The Constitution of Texas
provides for both County
and City employee retire-
ment benefits; however,
there is no constitutional
provision for employees who
are supervised and employed
by a joint City-County Agency,
and, therefore, as long as
there is joint control over
this Department the employees
of the Dallas City-County
Department of Public Welfare
are not eligible to be brought
into the County Retirement Pro-
gram.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Linward Shivers

Linward Shivers
Assistant

LS:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Ralph R. Rash
Houghton Brownlee

REVIEWED FOR THE ATTORNEY GENERAL
BY: James N. Ludlum